UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MIGUEL ALBERTO ARDILA-RINCON,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 2:26-cv-03489-MMD-MDC<br>ORDER |

## I. SUMMARY

Petitioner Miguel Alberto Ardila-Rincon, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a pro se federal habeas corpus petition under 28 U.S.C. § 2241 (ECF No. 1-2 ("Petition"))[1] and an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1.). Because Petitioner is not subject to mandatory detention, the Court grants the Petition and orders Petitioner be granted a prompt individualized bond hearing.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of Colombia. (ECF No. 7-1 at 4.) He lawfully entered the United States on a B-2 visitor visa on March 12, 2023. (*Id.* at 5.) His visa was valid until September 12, 2023. (*Id.*)

On September 29, 2026, a team of Department of Homeland Security ("DHS") officers began a "targeted enforcement operation" in Kent, Washington. (*Id.*) Using DHS systems, officers identified Petitioner as someone illegally present in the United States and found that Petitioner was known to drive a black Toyota Prius. (*Id.*) Based on this

[1]Respondents filed a response (ECF No. 7) and Petitioner filed a counseled traverse (ECF No. 12).

information, officers stopped a car driven by an individual matching Petitioner's description. (*Id.*) Officers gave chase, and arrested Petitioner. (*Id.*) Officers served Petitioner with a Form I-200 Notice of Arrest, Form I-286 Notice of Custody Determination, and Form I-862 Notice to Appear. (ECF Nos. 7-1 at 1-10.) Petitioner requested a custody redetermination ("bond") hearing. (ECF Nos. 7-1 at 2; 12 at 4.) Petitioner also has an active asylum petition and has no criminal history. (ECF No. 7-1 at 6.) He has been detained since his arrest without a custody redetermination hearing.[2] (ECF No. 12 at 4.)

## III. DISCUSSION

Petitioner seeks habeas corpus relief on two grounds: (1) that he is subject to discretionary detention under 8 U.S.C. § 1226(a) and (2) he is being denied his right to a custody redetermination hearing in violation of his due process rights. (ECF No. 12 at 2.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because he overstayed his B2 visitor visa. (ECF No. 7 at 2.) The Court agrees with Petitioner.

The Immigration and Nationality Act outlines when noncitizens may or must be civilly detained and what relevant procedural safeguards apply. *See* 8 U.S.C. §§ 1101 *et seq.*. Two sections govern detention pending immigration proceedings: §§ 1226 and 1225. Section 1226(a) "sets out the general rule" regarding the arrest, detention and release of noncitizens "present in the country" who are allegedly subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). The statute grants DHS the discretion to either detain or release on bond those noncitizens arrested and facing removal proceedings. *See* 8 U.S.C. § 1226(a). Section 1226(c) carves out a subset of noncitizens who are subject to mandatory detention due to certain criminal history. *See id.* § 1226(c). Section 1225 addresses noncitizens who are deemed "applicants for admission" and imposes expedited removal procedures and generally mandates detention. *Id.* § 1225.

[2]Petitioner was first detained at a holding facility in Tukwila, WA, transported to the Northwest Processing Center in Tacoma, WA, and was eventually brought to the Nevada Southern Detention Center. (ECF No. 7-1 at 5-6.)

In *Rodriguez Vazquez*, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226." 183 F.4th 1160, 1165 (9th Cir. 2026). The Ninth Circuit expressly rejected the government's argument that individuals apprehended in the interior are subject to section 1225(b)(2)(A)'s mandatory detention regime. *See id*. Instead, section 1225(b)(2)(A)'s mandatory detention scheme applies to noncitizens "entering the United States at the border." *Id.* at 1172. A noncitizen present in the United States does not remain in a "perpetual state of seeking admission," such that they remain permanently subject to this mandatory detention scheme. *Id.* at 1175-79.

Here, Petitioner was previously lawfully admitted into the United States on a visa. (ECF No. 7-1 at 5.) Therefore, he was not presently seeking admission into the country at the time of his detention. *See Rodriguez Vazquez*, 183 F.4th at 1178 (finding that "seeking admission" refers to when an individual "comes from outside *into* the United States") (internal quotations omitted) (emphasis added); *see also Moya v. Blanche*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *6 (D. Nev. May 27, 2026) (finding that a detained parolee was not "presently seeking admission" and, thus, not subject to mandatory detention under § 1225(b)(2)(A)). Moreover, Petitioner was not detained at the border, but as Respondents admit, in the interior of the United States three years after he was admitted. (*Id.)* Accordingly, because Petitioner was apprehended in the interior, he cannot be subject to mandatory detention under section 1225(b)(2)(A) and must be detained under the discretionary regime of section 1226(a).[3] *See Rodriguez Vazquez*, 183 F.4th at 1165, 1172; *see also Torres-Martinez v. Blanche*, No. 2:26-cv-01638-APG-DJA, 2026 WL 2409968 (D. Nev. Aug. 17, 2026); *Wan v. Mullin*, No. 5:26-cv-5352-RAO, 2026 WL 2886399 at *1 (C.D. Cal. Sept. 25, 2026) ("As a visa overstay, Petitioner's detention is governed by 8 U.S.C. § 1226(a).")

---

[3]Moreover, as Respondents point out, DHS served Petitioner with a Form I-286 Notice of Custody Determination. (ECF No. 12 at 2.) I-286 Notices are issued pursuant to 8 U.S.C. § 1226. (ECF No. 7-1 at 2.)

In sum, Petitioner is not subject to mandatory detention and therefore his continued detention without a bond hearing is unlawful. The Court therefore grants the Petition and Petitioner's request for a prompt individualized bond hearing.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition (ECF No. 1-2) is granted.

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing, no later than Monday, November 30, 2026. At this bond hearing, the government must bear the burden of establishing, by clear and convincing evidence, an individualized and constitutionally recognized interest in civilly detaining Petitioner, i.e., that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. *See Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024). The bond hearing must also consider Petitioner's financial circumstances and possible alternative release conditions. *See Hernandez v. Sessions*, 872 F.3d at 990. Respondents are enjoined from invoking mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) at this new bond hearing.

It is further ordered that if a constitutionally adequate bond hearing is not conducted by November 30, Respondents must immediately release Petitioner from custody on his own recognizance.

It is further ordered that the parties file a joint status report by Wednesday, December 2. The status report must detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order. If bond was denied,

Respondents must (1) attach the order of the IJ to the joint status report and (2) provide the contemporaneous record of the bond hearing to Petitioner's counsel immediately upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

It is further ordered that Petitioner's application to proceed IFP (ECF No. 1-1) is denied as moot. It is further ordered that Petitioner's application to proceed IFP filed with the traverse (ECF No. 12-1) is granted.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 2) is denied as moot because the Court appointed counsel to represent Petitioner.

The Clerk of Court is instructed to enter judgment in accordance with this order and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 18th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE